IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LISA YVONNE LENZ, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Civil Action No. 23-848 |
| MARTIN O'MALLEY,[1] *Commissioner of Social Security*, | ) ) ) ) |
| Defendant. | ) ) |

O R D E R

AND NOW, this 9th day of September, 2024, upon consideration of the parties' cross-motions for summary judgment, the Court, after reviewing the Commissioner of Social Security's final decision denying Plaintiff's claim for disability insurance benefits ("DIB") under Subchapter II of the Social Security Act, 42 U.S.C. § 401 *et seq.*, and her claim for supplemental security income ("SSI") under Subchapter XVI of the Act, 42 U.S.C. § 1381 *et seq.*, finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v. Secretary of U.S. Dep't of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988)). *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely

---

[1] Martin O'Malley is substituted as the defendant in this matter, replacing former Acting Commissioner Kilolo Kijakazi pursuant to Federal Rule of Civil Procedure 25(d) and 42 U.S.C. § 405(g).

1

because it would have decided the claim differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).[2]

---

[2]    Plaintiff argues both that the Administrative Law Judge ("ALJ") erred by failing to apply the proper governing regulations and that his findings regarding her residual functional capacity ("RFC") and his conclusion that she is not disabled are not supported by substantial evidence. The Court disagrees with both argument and therefore will affirm.

Plaintiff cites two primary errors of law she alleges were made by the ALJ. The first is that he erred in applying Listings 1.15, 1.16, 1.18, and 1.19, which were not in effect at the time of her application, rather than Listings 1.02, 1.03, 1.04, and 1.06, which were. As part of the Social Security Administration ("SSA")'s sequential analysis, an ALJ must determine, at Step Three, whether the claimant's impairment(s) meets or equals the criteria for a listed impairment as set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1. This determination is critical, because if a claimant meets a listing, a finding of disability is automatically directed. *See id.* at §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). In the decision under review here, issued on April 16, 2021, the ALJ considered whether Plaintiff's impairments met or medically equaled Listings 1.15, 1.16, 1.18, and 1.19, which apply to musculoskeletal disorders, ultimately finding that the listings had not been met or equaled. Plaintiff argues, though, that these were not the appropriate listings here because they were implemented after the application date in this case and after this matter was remanded to the Commissioner by the Court. The Court disagrees and finds that the ALJ considered the proper listings and that, in any event, any such error would have been harmless.

Plaintiff initially filed her application for DIB and SSI in May of 2016. A different ALJ denied her request for benefits on July 3, 2018, finding, *inter alia*, that Plaintiff's impairments did not meet or equal musculoskeletal listings 1.02, 1.04, and 1.06. (R. 38). Plaintiff filed an appeal in federal court at Case No. 2:19-CV-00489, and on May 20, 2020, this Court, based on Plaintiff's Appointments Clause argument, remanded the matter to the Commissioner for further consideration. Before a new decision was issued, the musculoskeletal listings were amended, resulting in Listings 1.02, 1.03, 1.04, and 1.06 being replaced with 1.15, 1.16, 1.18, and 1.19, effective April 2, 2021. *See* 85 F.R. 78164-01 (Dec. 3, 2020). In denying Plaintiff's claims on remand, the ALJ did not consider Plaintiff's impairments in light of the previous listings but under the new ones.

Plaintiff contends that the listings in effect at the time of her application and the time of the remand should continue to govern. However, courts, including this one, have largely rejected this argument. *See Green v. Kijakazi*, No. 22-87-E, 2023 WL 567739 (W.D. Pa. Aug. 31, 2023). For instance, in *Cox v. Kijakazi*, 77 F.4th 983 (D.C. Cir. 2023), the appellate court reversed the district court's decision that the version of Listing 12.05 in effect at the time the claimant filed her claim must be applied in her case, instead holding that application of the amended version of Listing 12.05 to the claimant's pending claim was not retroactive. *See id.* at 985-86. In so doing, it acknowledged that Congress had not granted the SSA the power to enact rules that are retroactive in effect, so the court went on to analyze the factors for determining whether a law or

regulation would have retroactive effect set forth in *Landgraf v. USI Film Prod.*, 511 U.S. 244 (1994).  The court in *Cox* held that the application of the new version of the listings did not impair the claimant's vested rights (*i.e.*, rights already possessed when she filed the claim), did not impose any new duty or obligation, and did not deny the claimant fair notice, disrupt reasonable reliance, or impair settled expectations.  *See* 77 F.4th at 990-93.  The court emphasized that the claimant's "filing of her application for SSI benefits itself did not vest her with any legal right to have her claim decided under the 2014 Listings, as opposed to the 2017 Listings."  *Id.* at 991.  The court further observed:

> The Social Security Act does not provide claimants with the right to have their claims adjudicated under any particular Listings or similar regulatory interpretation upon application. Rather, the statute and implementing regulations simply instruct the Administration to award benefits only to claimants it finds to be disabled.

*Id.*  It also noted that a change in the listing was not dispositive of the claimant's case, since the listings merely "operate as a presumption of disability that makes further inquiry unnecessary," and that she could still establish that she was disabled without invoking the listing.  *Id.* at 992.

While the D.C. Circuit Court's decision is not binding on this Court, the Court finds the rationale compelling.  As the D.C. Circuit explained, Plaintiff had no vested right to proceed under any specific version of the listings, the new listings imposed no new burdens or obligations on her, and she was not deprived fair notice and cannot be said to have "relied" on Listings 1.02, 1.03, 1.04, or 1.06 in any meaningful way.  The Court therefore agrees that application of Listings 1.15, 1.16, 1.18, and 1.19 was not retroactive.  In so doing, this Court also agrees with the other circuit courts that have found similarly.  *See Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640 (6th Cir. 2006); *McCavitt v. Kijakazi*, 6 F.4th 692 (7th Cir. 2021); *Jones v. O'Malley*, 107 F.4th 489, 494-97 (5th Cir. 2024).  The Court further notes that this is consistent with the language in the *Revised Medical Criteria for Evaluating Musculoskeletal Disorders* providing:

> As we noted in the dates section of this preamble, these final rules will be effective on April 2, 2021.  We delayed the effective date of the rules to give us time to update our systems, and to provide training and guidance to all of our adjudicators before we implement the final rules.  The current rules will continue to apply until the effective date of these final rules.  When the final rules become effective, we will apply them to new applications filed on or after the effective date of the rules, and to claims that are pending on or after the effective date.

85 F.R. 78164-01.  This language clearly states that the new listings will apply to claims pending after the effective date.

In any event, Plaintiff offers no argument as to how or why her conditions would have met or equaled the prior listings even if they had applied. The Court's review of the requirements of previous Listings 1.02, 1.03, 1.04, and 1.06 and of the new Listings 1.15, 1.16, 1.18, and 1.19, as well as the record evidence, likewise has not demonstrated that the outcome of this case would have been different had the older listings been used. Therefore, although the ALJ correctly applied the new listings, the issue is ultimately moot.

The second way in which Plaintiff contends the ALJ misapplied the law in this case is by evaluating the medical opinion evidence under 20 C.F.R. §§ 404.1520c and 416.920c rather than 20 C.F.R. §§ 404.1527 and 416.927. By way of background, in 2017, the SSA amended its regulations in regard to how an ALJ is to evaluate medical opinion evidence, most notably eliminating the "treating physician rule." *Compare* 20 C.F.R. §§ 404.1527(c)(2) and 416.927(c)(2) (applying to cases prior to the amendment of the regulations) *with* 20 C.F.R. §§ 404.1520c(a) and 416.920c(a) (applying to later cases). *See also* 82 Fed. Reg. 5844-01, at 5853 (Jan. 18, 2017). Plaintiff is correct that for claims, such as this one, filed before March 27, 2017, the older versions apply, and a treating physician's opinion is to be given "controlling weight" so long as the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques and not inconsistent with other substantial evidence in the record. 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2); *Fargnoli v. Massanari*, 247 F.3d 34, 43 (3d Cir. 2001); *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999). However, contrary to Plaintiff's contentions, the ALJ did in fact apply Sections 404.1527 and 416.927 when considering the medical opinion evidence here.

Not only did the ALJ expressly cite to Sections 404.1527 and 416.927, he also assigned the various opinions "weight," which was the operative term under the old regulations rather than determining their "persuasiveness" as the new regulations demand. (R. 1263, 1265-67). In regard to the treating physician opinions at issue here – those of Thomas Baer, DPM, and Joel Last, M.D. – the ALJ clearly identified and discussed their treating relationship with Plaintiff. (R. 1265, 1266). Plaintiff nonetheless suggests that the fact that he also considered the consistency and supportability of the opinions demonstrates that he used the new regulations, which identify consistency and supportability as "the two most important factors for determining the persuasiveness of medical opinions." 82 Fed. Reg. at 5853. *See also* 20 C.F.R. §§ 404.1520c(b) and (c). However, consistency with the record and how well an opinion is supported by medical evidence were already important considerations under Sections 404.1527 and 416.927. Indeed, part of the reason the regulations were amended was to acknowledge that courts were already applying these as the most important factors. *See* 82 Fed. Reg. at 5853-84.

Further, while the ALJ did give more weight to the opinions of the state agency consultants than to those of Plaintiff's treating physicians, such a determination was permissible even pursuant to the old regulations. Under Sections 404.1527 and 416.927, an ALJ must consider the treating relationship between a claimant and an opining doctor, but when the medical opinion of a treating source conflicts with that of a non-treating, or even a non-examining physician, "the ALJ may choose whom to credit." *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000). *See also Dula v. Barnhart*, 129 Fed. Appx. 715, 718-19 (3d Cir. 2005). In certain cases, the ALJ is justified in giving more weight to the non-examining professional's

4

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 8) is DENIED and that Defendant's Motion for Summary Judgment (Doc. No. 13) is GRANTED as set forth herein.

s/Alan N. Bloch
United States District Judge

ecf:      Counsel of record

---

opinion.  *See Salerno v. Comm'r of Soc. Sec.*, 152 Fed. Appx. 208 (3d Cir. 2005) (affirming an ALJ's decision to credit the opinion of the non-examining state agency reviewing psychologist because his opinion was more supported by the record than the opinions of the treating physician and the consultative examiner).  That is the case here, and substantial evidence supports the ALJ's decision to weigh the medical opinions as he did.

Therefore, the Court finds no legal error.  As for Plaintiff's arguments regarding whether substantial evidence supports the ALJ's underlying factual determinations, the Court notes that these assertions essentially ask the Court to reweigh the evidence and come to different conclusions.  However, if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently.  *See Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999) (citing 42 U.S.C. § 405(g)); *Monsour Med. Ctr. v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986); *Berry*, 738 F. Supp. at 944 (*citing Cotter*, 642 F.2d at 705).  Moreover, "[t]he presence of evidence in the record that supports a contrary conclusion does not undermine the [ALJ's] decision so long as the record provides substantial support for that decision." *Malloy v. Comm'r of Soc. Sec.*, 306 Fed. Appx. 761, 764 (3d Cir. 2009).  To the extent the Court is being asked to come to its own conclusion based on the evidence, therefore, it declines to do so.  In any event, the ALJ's decision was thorough, and he adequately explained his findings based on Plaintiff's testimony, the objective medical evidence, Plaintiff's treatment history, her activities of daily living (including her ability to work at a substantial gainful activity level while allegedly disabled), and the various medical opinions. The Court further notes that although Plaintiff argues that the ALJ disregarded her surgical arthrodesis and lumbar surgical fusion at both Steps Two and Five, it is clear that the ALJ considered these conditions within the broader impairment of degenerative disc disease (R. 1264), an impairment he discussed at length throughout the decision.

Accordingly, the Court finds that the ALJ applied the correct legal standards and that substantial evidence supports his decision.  It will therefore affirm.